**E-Filed 9/30/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TINA MARIE MESSINEO,<br><br>                       Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE[1],<br>Commissioner,<br>Social Security Administration,<br><br>                 Defendant. | Case Number  C 05-03306 JF<br><br>ORDER[2] DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>[re: docket no. 10, 13, 14] |

# I. BACKGROUND

On September 18, 2006, pursuant to 42 U.S.C. § 405(g), Plaintiff Tina Marie Messineo ("Plaintiff") commenced this action seeking reversal or remand of the decision of the Administrative Law Judge ("ALJ") denying her disability benefits.  On June 15, 2005, the

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 1, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is hereby substituted for Jo Anne B. Barnhart as the defendant in this matter.

[2] This disposition is not designated for publication and may not be cited.

1   Appeals Council of the Social Security Administration denied Plaintiff's request for review of

2   the ALJ's decision, at which point the ALJ's decision became final. Plaintiff filed a motion for

3   summary judgment on September 18, 2006, requesting either a finding that she was medically

4   disabled or a remand for an additional administrative proceedings to determine her disability

5   status. Plaintiff's Motion for Summary Judgment ("Plaintiff's MSJ") at 2.   The Defendant

6   Commissioner, Social Security Administration ("Commissioner") filed a cross-motion for

7   summary judgment on October 18, 2006.  Plaintiff filed a reply on November 6, 2006. The

8   matter was submitted without oral argument.

9        The following facts are taken from the July 29, 2004 ALJ decision and the accompanying

10   administrative record. Plaintiff was between thirty-eight to forty-years-old during the pendency

11   of her application.  Tr. at 28.  Plaintiff reports having received her GED diploma in 2001, while

12   she was in prison.  TR at 79. She reports having worked only in short term jobs as a cashier,

13   stocker, janitor, and valet parker *Id.* at 64, 66, 74 and 286.  Plaintiff alleges disability responsible

14   for neck pain, back pain, carpal tunnel syndrome, Hepatitis C, depression, anxiety, lethargy,

15   mental problems, and diabetes. *Id.* at 25-26.

16        Plaintiff alleges that her disability began in January 1989. *Id.* at *25.*  On January 30, 2003,

17   Plaintiff filed her sixth application for Social Security Income ("SSI") benefits.  *Id* .  Her

18   application was initially denied on May 14, 2003 on the ground that her "condition" was "not

19   severe enough to keep [her] from working." *Id.* at 40.  This decision was confirmed on

20   September 24, 2003.  Pursuant to Plaintiff's request for review, the ALJ held an administrative

21   hearing in April 1, 2004. *Id.* at 25.

22        To determine whether Plaintiff was disabled, the ALJ implemented the five-step

23   evaluation process pursuant to 20 CFR § 416.920. *Id.* at 26.  At step one, the ALJ found that

24   Plaintiff has not engaged in substantial gainful employment since the alleged onset of the

25   disability. *Id.* at 31.  At step two, the ALJ found that Plaintiff's hepatitis C, Diabetes, and mild

26   degenerative disc disease are considered "severe" based on the requirements in the Regulations

27   20 C.F.R. §416.920(b). *Id.* At step three, however, the ALJ found that these medically

28

2

1    determinable impairments do not meet or medically equal one of the conditions outline in the

2    Listing of Impairments . *Id.*  The ALJ further determined that Plaintiff's "allegations regarding

3    her limitations are not totally credible" on account of, among other things, "discrepancies

4    between the claimant's assertions and the degree of medical treatment (including medications)

5    sought and obtained." *Id.*  at 31, 29. The ALJ also found that Plaintiff "has a limited education

6    and has no transferable skills since past relevant work has not been performed during the relevant

7    period." *Id.* at 30. At step four, the ALJ determined that Plaintiff has the residual functional

8    capacity ("RFC") to lift and carry ten pounds frequently and twenty pounds occasionally; and,

9    that she is able to sit, stand, and/or walk for six hours (each) of an eight hour workday. *Id.* at 31.

10   At step five, the ALJ determined that Plaintiff's RFC enables her to "perform the full range of

11   light work." *Id.* at 32. Based on Plaintiff's exertional capacity for light work, age, education, and

12   work experience, the ALJ concluded that Plaintiff is "not under a disability" as defined by the

13   Social Security Act.

## II.  LEGAL STANDARD

14

15   **A.  Standard for Reviewing the Commissioner's Decision**

16          Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the

17   Commissioner's decision denying Plaintiff benefits.  The Commissioner's decision (here the

18   decision of the ALJ) will be disturbed only if it is not supported by substantial evidence or if it is

19   based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523

20   (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).  In this context, the

21   term "substantial evidence" means "more than a mere scintilla but less than a preponderance - it

22   is such relevant evidence that a reasonable mind might accept as adequate to support the

23   conclusion." *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1257.  When determining whether

24   substantial evidence exists to support the ALJ's decision, the Court examines the administrative

25   record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at

26   1257; *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  Where evidence exists to support

27   more than one rational interpretation, the Court must defer to the decision of the ALJ. *Moncada*,

28

3

1   60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

2   **B.  Standard for Determining Disability**

3          A person is "disabled" for purposes of receiving social security benefits if he or she is

4   unable to engage in any substantial gainful activity as a result of a physical or mental impairment

5   which is expected to result in death or which has lasted or is expected to last for a continuous

6   period of at least twelve months.  *Drouin*, 966 F.2d at 1257; *Gallant v. Heckler*, 753 F.2d 1450,

7   1452 (9th Cir. 1984).  Social Security disability cases are evaluated using a five-step, sequential

8   evaluation process. In the first step, the Commissioner must determine whether the claimant

9   currently is engaged in substantial gainful activity; if so, the claimant is not disabled and the

10  claim is denied.  *Id.*  If the claimant is not currently engaged in substantial gainful activity, the

11  second step requires the Commissioner to determine whether the claimant has a "severe"

12  impairment or combination of impairments which significantly limits the claimant's ability to do

13  basic work activities; if not, a finding of "not disabled" is made and the claim is denied.  *Id.*  If

14  the claimant has a "severe" impairment or combination of impairments, the third step requires

15  the Commissioner to determine whether the impairment or combination of impairments meets or

16  equals an impairment in the Listing; if so, disability is conclusively presumed and benefits are

17  awarded.  *Id.*  If the claimant's impairment or combination of impairments does not meet or

18  equal an impairment in the Listing, the fourth step requires the Commissioner to determine

19  whether the claimant has sufficient "residual functional capacity"[3] to perform his or her past

20  work; if so, the claimant is not disabled and the claim is denied.  *Id.*  The plaintiff has the burden

21  of proving that he or she is unable to perform past relevant work.  *Drouin*, 966 F.2d at 1257.  If

22  the claimant meets this burden, a *prima facie* case of disability is established.  The Commissioner

23  then bears the burden of establishing that the claimant can perform other substantial gainful

24

25

26          [3]A claimant's residual functional capacity is what he or she can still do despite existing
27  exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir.
    1989).

28
                                                    4

1  work;[4] the determination of this issue comprises the fifth and final step in the sequential analysis.

2  20 C.F.R.§§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as*

3  *amended* April 9, 1996; *Drouin*, 966 F.2d at 1257.

4

5                                              **III. DISCUSSION**

6              Plaintiff seeks summary judgment against the Commissioner for an award of benefits or

7  remand for additional evidence and adjudication. Reply to Cross Motion for Summary Judgment

8  ("Reply") at 10.  In her reply, Plaintiff asserts that: (1) proper legal procedures concerning pro se

9  claimants were not observed; (2) the determination that her mental impairment was "non-severe"

10  was improper and unsupported; (3) the ALJ improperly discounted her symptom-reporting; and

11  (4) the ALJ's finding as to her RFC was unsupported by substantial evidence, thereby calling into

12  question the "unfavorable" determinative finding at step five. Defendant disagrees with each of

13  these assertions.

14  **1. Observance of Pro Se Procedures**

15              Plaintiff argues that her right to counsel was not effectively waived because she was not

16  adequately informed of her rights, and she did not offer affirmative waiver.  Defendant disputes

17  both of those factual assertions and argues further that Plaintiff was not prejudiced by her pro se

18  status.   "Lack of counsel does not affect the validity of the hearing and hence warrant remand,

19  unless the claimant can demonstrate prejudice or unfairness in the administrative process." *Vidal*

20  *v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981).  In this case, the Court agrees with Defendant that

21  Plaintiff has not shown that her pro se status caused prejudice.[5]

22

23              [4] There are two ways for the Commissioner to meet the burden of showing that there is
    other work in significant numbers in the national economy that claimant can do:  (1) by the

24  testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines.
    *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

25

26              [5] In light of the Court's conclusion regarding prejudice, it is not necessary to reach the

27  question of whether waiver was properly obtained.  However, the Court notes that the ALJ
    instructed Plaintiff that she could obtain counsel and asked her three times if she would like to

28

                                                        5

1      Plaintiff assets that her pro se status prevented full development of the record.

2 Specifically, Plaintiff argues that counsel would have requested records regarding her previous

3 grant of SSI benefits and introduced these records at the hearing to develop an argument that her

4 disability had since stayed the same or worsened.  Plaintiff's MSJ at 5.  In fact, the issue of

5 Plaintiff's prior benefits did arise at the hearing, and the ALJ explained that "[i]t's not relevant.

6 Whether you were disabled prior . . . to you going to prison is not relevant.  The question is

7 starting February of 2003 . . . and forward are you . . . disabled?"  TR at 282.  The ALJ clearly

8 articulates what the Court finds to be a reasonable decision to focus on the relevant time period,[6]

9 casting doubt on Plaintiff's claim that counsel would have been able to present evidence related

10 to Plaintiff's prior benefits.  In any event, if Plaintiff's condition continued after 1999, she should

11 have been able to demonstrate her disability without focusing on past symptoms.

12      "[W]hen plaintiff is not represented by counsel, the administrative law judge's duty is

13 'scrupulously and conscientiously probe into, inquire of, and explore [the record] for all relevant

14 facts.'"  *Vital,* 637 F.2d at 713.  Pointing again to the fact that evidence related to the prior

15 award of benefits was not introduced, Plaintiff asserts that the ALJ did not meet this heightened

16 duty.  The Ninth Circuit has explained:

17
> When the claimant is unrepresented . . the ALJ must be especially diligent in
> exploring for all relevant facts. . . . Ambiguous evidence, or the ALJ's own
18
> finding that the record is inadequate to allow for proper evaluation of the evidence
> triggers the ALJ's duty to 'conduct an appropriate inquiry.'  The ALJ may
19
> discharge this duty in several ways, including . . . keeping the record open after
> the hearing to allow supplementation of the record.

20
*Tonapetyan v. Halter*, 242 F.3d 1144, 1151 (9th Cir. 2001).  Plaintiff's argument that this

21
standard was not met fails for several reasons.  First, it cannot be said that the ALJ was not acting

22
diligently by excluding evidence outside the relevant time period.  Second, Plaintiff does not

23
mention any ambiguous evidence or inadequacies in the record warranting further inquiry.

24

25 _____

26 proceed without doing so.  A.R. at 280.

27   [6] Plaintiff's current SSI application was filed in January 2003; accordingly, the period at
issue in the ALJ's decision began in February 2003.  20 C.F.R. § 416.335.

28

1    Finally, and most importantly, the ALJ did keep the record open following the proceeding, but

2    Plaintiff apparently did not attempt to supplement the record.

3    **2. Finding of Mental Impairment as Non-Severe**

4          Under 20 C.F.R. § 404.1520 (c) an ultimate finding of disability requires the following:

5          You must have a severe impairment.  If  you do not have any impairment or
           combination of impairments which significantly limits your physical or mental
6          ability to do basic work activities, we will find that you do not have a severe
           impairment and are, therefore, not disabled.

7
     "An impairment or combination of impairments is not severe if it does not *significantly limit*
8
     your physical or mental ability to do basic work activities."  20 C.F.R. 404.1521 (emphasis
9
     added).  In the instant case, the ALJ concluded that despite having some emotional problems,
10
     Plaintiff had the ability to perform simple repetitive tasks and unskilled work. The Court's task is
11
     to review the record and determine whether this conclusion is supported by "substantial
12
     evidence."  *Evans v. Comm'r Soc. Sec. Admin.*, No. 1:01-CV-229, 2003 WL 1831111 at *9 (E.D.
13
     Tex. Jan. 17, 2003).
14
           Plaintiff argues that the ALJ's finding is improper because testimony of her treating
15
     physician that indicated "mild to moderate" impairment in abilities to "withstand the stress of a
16
     routine work day" was discounted in favor of assessments made by non-examining doctors
17
     employed by Defendant.  Tr. at 29, 170.  It is true that the ALJ's finding is based primarily on the
18
     findings of non-treating physician Dr. Hillar. *Id*. at 28.  Dr. Hillard found that Plaintiff's mental
19
     condition did not rise to the degree of limitation that satisfies the functional criterion.  *Id*. at 189.
20
     In addition to this opinion, the ALJ also considered the opinions of Plaintiff's treating physician,
21
     one examining physician and two State agency reviewing physicians.
22
           Dr. Hillard's opinion is sufficient to support the ALJ's decision.  Although typically the
23
     ALJ will accord the treating physician's opinion greater weight the ALJ has discretion to rely on
24
     the opinion of a non-treating physician under appropriate circumstances:
25
           Where the opinion of the claimant's treating physician is contradicted, and the
26         opinion of a nontreating source is based on independent clinical findings that
           differ from those of the treating physician, the opinion of the nontreating source
27         may itself be substantial evidence; it is then solely the province of the ALJ to

28
                                                   7

1   resolve the conflict.

2   *Andrews v. Shahlala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  The ALJ's opinion demonstrates that

3   he properly took into account the conflicting opinions and came to a well supported decision.  Tr.

4   at 28-29.

5   **3. Plaintiff's Subjective Complaints**

6          The ALJ may reject a claimant's subjective complaints if "sufficiently specific" findings

7   support such a conclusion.  *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991).  Where

8   there is no affirmative evidence of malingering, the ALJ may reject the testimony for "clear and

9   convincing reasons."  *Reddick v. Charter*, 157 F.3d 715, 722 (9th Cir. 1998).  In the instant case,

10  Plaintiff asserted two arguments through her testimony: (1) that she could not work because of

11  her mental condition; and (2) that she could not work because of back pain.  As discussed above,

12  the ALJ made specific, well-supported findings with respect to Plaintiff's mental abilities.  The

13  ALJ thus was entitled to reject Plaintiff's related complaints.

14         The ALJ also found specifically that Plaintiff's claimed back pain was not supported by

15  the evidence.  The opinion notes:

16         In April 2003 Residual Physical Functional Capacity Assessment, John Chokatos,
           M.D., a reviewing physician for the DDS, opines that the claimant is able to lift
17         and carry ten pounds frequently and twenty pounds occasionally; she is able to sit,
           stand, and/or walk for six hours of an eight hour workday; and, she is able to
18         occasionally stoop, kneel, crouch, and crawl.  In related consultative notes, the
           doctor states that the claimant has a limitation on the continuous use of the lumbar
19         spine under load.  The doctor noted that the claimant is neurologically intact, and
           that there was a normal echocardiogram in June 2000.  This opinion was affirmed
20         in September 2003 by E. Balbyn, M.D.

21  Tr. at 28.  The ALJ also notes that Plaintiff did not seek or require any treatment for her back

22  pain, and generally observed that Plaintiff's complaints did not comport with the record.  Tr. at

23  29.  Ultimately, the ALJ concluded that, while Plaintiff may suffer from some pain, her condition

24  was not disabling.  Tr. at 29.

25         Plaintiff's challenge to the ALJ's treatment of her testimony is simply to recount her

26  complaints.  It is not this Court's responsibility to weigh a claimant's testimony against other

27  testimony credited by the ALJ.  The ALJ is in a unique position to review all of the evidence and

28

                                              8

Case No. C 05-03306 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT
(JLFC1)

1  observe the claimant in person.  Where, as here, the ALJ provides specific and clear and

2  convincing reasons for rejecting a claimant's testimony, it is well within his province to do so.

3  **4. Assessment of RFC**

4      Plaintiff's sole argument with respect to the ALJ's assessment of her RFC is that

5  "[b]ecause of the improper discounting of evidence about mental impairment and subjective

6  symptoms and limitations, described above, the ALJ reached the findings on RFC improperly

7  and without the support of substantial evidence in the while record."  Plaintiff's MSJ at 8.  In

8  light of the Court's conclusion that the ALJ did not improperly discount evidence in the ways

9  Plaintiff has alleged, this argument lacks merit.

10

11 **IV.  ORDER**

12      Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiff's motion for

   summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED.

13 The clerk shall enter judgment and close the file.

14

15 DATED: September 30, 2007.

16

17                                         _____

18                                         JEREMY FOGEL
                                           United States District Judge
19

20

21

22

23

24

25

26

27

28
                                            9

1   This Order has been served upon the following persons:

2

3   James Hunt Miller          jim_miller0@yahoo.com

4   Angelina Valle             angelina@valle-law.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. C 05-03306 JF
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT
(JLFC1)